*Watkins & Watkins* and *R. M. W. Glenn,* for defendant.

FORTUNE *v.* WARD.

Under the facts of this case, it was error for the court to direct a verdict.
FEBRUARY 11, 1915.

Equitable petition. Before Judge Wright. Floyd superior court. December 18, 1913.

*Sharp & Sharp,* for plaintiff in error.

*M. B. Eubanks* and *C. A. Thornwell,* contra.

EVANS, P. J. Sarah Ward filed a petition against A. B. Fortune and the county administrator, alleging: that her father, Monroe Horton, died, leaving her his sole heir at law, and leaving an estate consisting of two pieces of real estate; that at the time of his death he only owed one debt, which petitioner immediately paid after the death of her father; that afterward Fortune filed an application for letters of administration on the estate of her father, alleging that he was a member of a firm that was a creditor of her father, and requested the appointment of the county administrator to administer the estate; that Fortune was neither next of kin nor a creditor of the estate of her father, nor a member of any firm that was a creditor of that estate; that the estate owed no debts, and there was no necessity for the appointment of an administrator, and she did not know of the appointment of the county administrator on her

father's estate until after his appointment; that immediately upon the death of her father she entered into possession of his estate; and that, while she denied that the estate owed any debts, if any could be shown to exist she was willing to pay them without administration. She prayed, that the county administrator be enjoined from any attempt on his part to administer the estate or to interfere with her possession and occupancy of the property; that Fortune be required to set up in this proceeding any debt that he may have against the estate, and that she be allowed to defend it, and, if found to exist, to pay the same without administration; and that the judgment appointing the administrator be set aside. The defendants separately answered. Each averred, that the county administrator had been appointed on the estate of the plaintiff's father after due application; that the proceedings were regular; and that no fraud or imposition had been practiced in the grant of administration. Fortune averred that he was the president of a corporation which held a debt against the estate of the decedent, and in behalf of the corporation as a creditor he made the application for administration; and also that the intestate owed other debts at the time of his death. The county administrator set up that the records showed a mortgage against the property of the intestate, which he was informed was still unpaid, and that there was a necessity for administration on the decedent's estate. The bill of exceptions recites that the case was duly called for trial, and a jury stricken and the pleadings read. The attorney for Fortune called on the attorney for the plaintiff to respond to a notice to produce certain documentary evidence. In response to the notice the attorney produced certain papers, and stated that they did not have others specified in the notice. Counsel for the plaintiff asked the court, before any testimony was introduced, to direct a verdict for the plaintiff, stating that the only issue to be tried in the case was who should pay the cost which accrued on the administration and also in the case then being submitted to the jury; and that the debts of the estate had been paid after the appointment of the administrator, some having been paid since the present litigation was begun. Counsel for Fortune moved to be allowed to introduce evidence to the effect, that the debts were paid after the appointment of the administrator; that the debt due to the corporation of which his client was president was for the burial expenses of the deceased,

and was the debt which his client represented in applying for administration; and that this debt and the taxes due by the decedent had been paid since the institution of the present suit. The court refused to allow Fortune to introduce any evidence, and directed a verdict in favor of the plaintiff for an injunction as prayed. Error is assigned upon the direction of this verdict.

The plaintiff's right to enjoin the administrator from further proceeding with the administration of the estate is founded on the charge that the administration had been fraudulently obtained. The court directed a verdict granting an injunction, without requiring the plaintiff to establish the truth of her allegations in this respect. The pleadings of the parties showed that the proceedings for the appointment of the county administrator were regular on their face. If no fraud was practiced in the causing letters of administration to issue to the county administrator, the superior court will not interfere with the due administration of the estate. Even if it be conceded that all of the debts of the decedent had been paid, since the grant of letters of administration, by the sole heir at law, this alone would not authorize a court of equity to enjoin the administrator from closing up the administration, and obtaining a discharge from his trust. It appears from a recital in the bill of exceptions that the court acted upon a statement of the plaintiff that only a question of costs was involved. It does not appear that the defendants assented to this proposition; but even if they had acquiesced in the statement, the court would not have been warranted in directing a verdict enjoining the county administrator from winding up the administration of the decedent's estate. It was error to direct a verdict for the plaintiff without any evidence to show that her charge of fraudulent administration had any substantial foundation.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*